### STATE v. EDDIE MOZINGO.

(Filed 31 October, 1934.)

1. **Homicide B a—**

   Evidence that deceased was killed by a person lying in wait for the purpose is sufficient to sustain the State's contention that the murder was murder in the first degree. C. S., 4200.

2. **Homicide A c—Evidence held sufficient to be submitted to jury on charge of being accessory before the fact to crime of murder.**

   Evidence that defendant, for the purpose of freeing himself of competition in the illegal sale of intoxicating liquors, procured another to kill deceased by shooting him from ambush while lying in wait, *is held* sufficient to be submitted to the jury in a prosecution as an accessory before the fact to the crime of murder, C. S., 4175, and sufficient to deny defendant's prayers for special instructions.

**3. Homicide G d—**

Evidence of the relations between defendant and deceased for some time before the homicide *is held* competent in a prosecution of defendant as an accessory before the fact of the crime of murder.

**4. Homicide H f—Sentence of defendant held in accord with statute, and objection thereto is not sustained.**

Defendant was convicted as an accessory before the fact to the crime of murder and sentenced to life imprisonment. Thereafter the actual murderer was sentenced to thirty years imprisonment upon acceptance of his plea of guilty of murder in the second degree: *Held*, defendant's objection that his sentence was greater than that of the actual perpetrator of the crime cannot be sustained, since both sentences were authorized by statute. C. S., 4176, 4200.

APPEAL by defendant from *Frizzelle, J.,* at June Term, 1934, of LENOIR. No error.

The defendant in this action was convicted as an accessory before the fact to the murder of Bennie Mozingo, by Fred Wade, on 6 December, 1933, in Lenoir County, North Carolina.

From judgment that he be confined in the State's Prison, at Raleigh, N. C., at hard labor, for the term of his natural life, the defendant appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Wallace & White, J. Faison Thomson, Sutton & Greene, and Paul Edmundson for defendant.*

CONNOR, J. The defendant's assignments of error on his appeal to this Court cannot be sustained.

All the evidence at the trial showed that the deceased, Bennie Mozingo, was shot from ambush and killed on the night of 6 December, 1933, while he was getting into his automobile, which he had parked in the woods near a highway in Lenoir County, and that the gun from which the fatal shots were fired was fired by a person who was lying in wait for the deceased in a clay hole, about 8 or 10 feet from his automobile. The deceased, who was a bootlegger, had just loaded his automobile with kegs of whiskey which had been stored in the woods by a confederate.

This evidence, which was admitted without objection by the defendant, was sufficient to sustain the contention of the State that the homicide was murder in the first degree. C. S., 4200. *S. v. Wiggins,* 171 N. C., 813, 89 S. E., 58.

There was evidence tending to show that Fred Wade was the man who lay in wait for the deceased, and who shot and killed him from the clay hole. Fred Wade, as a witness for the State, testified that he

went to the clay hole near which the automobile of the deceased was parked with a gun which he found at the foot of an oak tree. It is true that he did not testify that he shot the gun, but the inference from all the facts shown by his testimony that he did shoot and kill the deceased with the gun, as contended by the State, was almost irresistible.

There was also evidence offered by the State tending to show that the defendant Eddie Mozingo, prior to the shooting of the deceased, had urged, counseled and procured Fred Wade to shoot and kill the deceased when he drove his automobile from the highway into the woods to get the kegs of whiskey, which the defendant knew his confederate had placed there for the deceased. There was also evidence tending to show that the defendant Eddie Mozingo was engaged in the business of manufacturing and selling intoxicating liquor in Lenoir and Wayne counties, and that he wished to conduct his illegal business free from competition by the deceased, and for that reason had procured Fred Wade to shoot and kill him when he went into the woods to get a supply of whiskey for sale in the territory in which the defendant was selling whiskey.

All the evidence, both that offered by the State in support of its contentions and that offered by the defendant in support of his contentions, was submitted to the jury, and properly so. There was no error in the refusal of the court to allow defendant's motion for judgment as of nonsuit under the statute. C. S., 4643. *S. v. Jenkins,* 182 N. C., 818, 108 S. E., 767.

The objections of the defendant to the admission of evidence tending to show the relations between the defendant and the deceased for some time before the homicide, and also tending to corroborate testimony of witnesses for the State, to which there were no objections by the defendant, were properly overruled. This evidence was so manifestly competent that defendant's exceptions to its admission require no discussion.

The exception of the defendant to the refusal of the court to instruct the jury as requested by the defendant cannot be sustained for the reason that there was evidence tending to show that Fred Wade shot and killed the deceased as contended by the State, and that he did so upon the counsel and procurement of the defendant.

The instructions of the court to the jury to which the defendant excepted involved propositions of law which are well settled, and which were applicable to the facts as shown by the evidence offered by the State. There was certainly no reversible error in these instructions. Defendant's exceptions are without merit, and need not be discussed.

It is stated in the brief filed for the defendant in this Court that after the defendant had been convicted in this action by the jury and sentenced by the court to imprisonment for life, Fred Wade was arraigned on an indictment charging him with the murder of Bennie Mozingo,

and that upon such arraignment he tendered to the solicitor for the State a plea of guilty of murder in the second degree, which plea was accepted by the solicitor, and that thereupon it was adjudged by the court that said Fred Wade be confined in the State's Prison for a term of 30 years.

The defendant complains that his sentence as an accessory before the fact is for his life, while the sentence for Fred Wade, the principal felon, is for only thirty years.

Without conceding that upon the facts shown by the record in this case there is just ground for this complaint, it is sufficient to say that both the judgment against the defendant and the judgment against Fred Wade are authorized by statute. C. S., 4176, and C. S., 4200. The statute prescribing imprisonment for life upon a conviction as an accessory before the fact to the crime of murder was in force at the time the statute defining murder in the first degree and murder in the second degree, respectively, and prescribing the punishment upon a conviction of murder in the first degree as death, and the punishment upon a conviction of murder in the second degree as imprisonment for not less than two nor more than thirty years, was enacted. The former statute has not been amended or repealed. It is now in full force and effect.

The judgment in this action is affirmed.

No error.