STATE v. LEON WILLIAMS.

(Filed 1 November, 1935.)

**Homicide A c—Evidence held sufficient to be submitted to jury on the charge that defendant was accessory before fact to crime of murder.**

Evidence tending to show that defendant knew of and participated in the plans or preparations made for the killing of deceased, that defendant procured a coat for the killer and furnished an automobile as a means of flight after the murder had been committed *is held* sufficient to be submitted to the jury on an indictment drawn under C. S., 4175.

APPEAL by defendant from *Daniels, J.,* at October Term, 1934, of LENOIR.

Criminal prosecution, tried upon indictment in which it is alleged that the defendant, on or about 6 December, 1933, "did unlawfully, wilfully, feloniously, and maliciously incite, move, procure, aid, counsel, hire, and command the said Fred Wade . . . to kill and murder the said Bennie Mozingo." The second count in the bill charges the defendant with being accessory after the fact of said murder in that he feloniously harbored, comforted, and assisted the killer, Fred Wade.

The evidence on behalf of the State tends to show that Fred Wade killed Bennie Mozingo with a shotgun. It further tends to show that the deceased, Bennie Mozingo, Fred Wade, the killer, and Tom Williams, brother of defendant, who carried the killer from the scene of the killing, and the defendant were all engaged in the liquor business. The evidence also tends to show that Eddie Mozingo hired Fred Wade to kill Bennie Mozingo. *S. v. Mozingo,* 207 N. C., 247, 176 S. E., 582.

The defendant testified that on the day of the killing the deceased, Bennie Mozingo, requested him to put certain kegs in some bushes near the scene of the killing, which he did, "around about an hour by sun." Afterwards the defendant saw the killer, Fred Wade, and at said Wade's request took him in his car to a point on the highway near a clay-hole in which the killer concealed himself, awaiting his victim. The killing occurred about 6:30 or 7:30 o'clock at night. There was evidence for the defendant that when the killer alighted from the car "he did not tell me why he was getting out. Up to that time I did not know anything about the arrangement that he and Eddie had between themselves." A short time prior to taking the kegs to the scene of the killing the defendant talked with Eddie Mozingo, who, according to the evidence, had hired Fred Wade to kill Bennie Mozingo, and that in the course of the conversation he told Eddie Mozingo that he was going to carry the kegs to be filled with liquor.

There was testimony from the officers that Tom Williams had said, in the presence of the defendant Leon Williams, that "Leon got out of the car and told Tom to take the car and go back to the clay-hole, that someone was waiting there and would tell him what to do." There was further evidence on behalf of the State that the defendant Leon Williams told Tom Williams "that Fred was down at the clay-hole and did not have a coat and for Tom to go get Fred a coat."

The defendant testified that he knew nothing of the plan to kill Bennie Mozingo. Furthermore, Fred Wade, the killer, Eddie Mozingo, who hired Wade to do the killing, and Tom Williams, who carried the killer from the scene immediately after the killing, were all serving terms in the State Prison at the time of the trial, and all testified in effect that the defendant Leon Williams had nothing to do with the killing and knew nothing about it.

Demurrer to the evidence; overruled; exception.

Verdict: "Guilty on both counts."

Judgment: Imprisonment in the State's Prison for life.    C. S., 4175.

Defendant appeals, assigning errors.

*Attorney-General Seawell and Assistant Attorney-General Aiken for the State.*

*Shaw & Jones for defendant.*

PER CURIAM.  The principal question presented by the appeal is the sufficiency of the evidence to carry the case to the jury.

There was no charge of conspiracy in the indictment, which was drawn in accordance with the provisions of C. S., 4175, consequently, the inquiry arises: Did the defendant "counsel, procure, or command" Fred Wade to commit the crime?

The evidence tends to show the following facts:

(a) All the parties were actively engaged in the liquor business.

(b) The defendant carried certain empty kegs to the scene of the crime about an hour before sunset.

(c) The defendant informed Eddie Mozingo, who hired the killer, that the kegs would be at the scene.

(d) The defendant carried the killer in his automobile to a point near the clay-hole or sand-pit in which he concealed himself until the victim arrived about 6:30.

(e) The defendant told Tom Williams, who carried the killer from the scene, "that Fred was down at the clay-hole and did not have a coat, and for Tom to go get Fred a coat."

(f) The defendant turned his car over to Tom "and told him to go down to the clay-hole, that Fred wanted a coat, and that he would tell him what to do."

The foregoing facts, and others of like import, tend to show that the defendant knew what was going on. Moreover, they tend to show that the defendant was active in procuring a coat for the killer and in furnishing an automobile as a means of flight after the crime had been committed. There was much evidence to the contrary, and the jury could have drawn from it either the inference of guilt or the conclusion of innocence, and, therefore, the cause was properly submitted to the twelve.

It is proper to say that, in the main, this opinion was prepared by *Mr. Justice Brogden* prior to his recent illness.

After a thorough consideration of the record, we find no sufficient cause for disturbing the verdict or the judgment.

No error.