STATE OF NORTH CAROLINA v. GOLDEN E. PARKER.

(Filed 20 September, 1967.)

**1. Criminal Law § 10—**

An indictment charging the defendant with being an accessory before the fact in the slaying of a named person is not rendered invalid in carrying, in addition to the requirements of G.S. 14-5, the words "did incite, move, aid, counsel, hire", since such words do not contradict the essential averments of the indictment.

**2. Criminal Law § 92—**

Indictments charging defendants as accessories before the fact in the slaying of the same person, the defendants being present together at the time of the offense, *held* to authorize the consolidation of the indictments for trial.

**3. Jury § 3—**

Objection to the manner in which the jury was selected, *held* without merit, when defendant offered no objection to the jury at the trial and consented, through his counsel, to the manner of selection.

ON *certiorari* to review a criminal action tried before *Bailey, J.,* at the March 1966 Mixed Session, JOHNSTON Superior Court.

The defendant, Golden E. Parker, and Gene Elwood Parker, were indicted in separate bills as accessories before the fact, in that each incited, aided, counseled, hired, and commanded one Joseph McNeil to kill and murder Junius Young Parker.

The evidence disclosed that the defendant and his wife, Evelyn, had been separated almost one year. Evelyn is the daughter of Junius Young Parker. The defendant stated that Junius Parker was responsible for the separation and had stated unless she returned to live with him he would kill her and her father and mother.

The evidence further disclosed that Golden E. Parker agreed to pay his employee, Joseph McNeil, $500 to kill Junius Young Parker. On the night of February 19, 1966, the defendant, Golden E. Parker,

with Joseph McNeil and Gene Elwood Parker, in the latter's automobile, drove to a place near the Junius Parker home; Golden E. Parker gave the appellant a 22 repeating rifle with a number of live cartridges, and instructed him to shoot and kill Junius Young Parker. Both Golden Parker and Gene Parker left in the automobile. McNeil hid behind a tree near the house waiting for an opportunity to carry out his mission. A dog barked and Junius Parker walked out in the yard, apparently to ascertain what was disturbing the dog. McNeil, from ambush, shot Junius Parker 7 or 8 times with the rifle, killing him instantly.

The State's evidence further disclosed that Joseph McNeil was indicted for the murder of Junius Young Parker and at his trial he entered a plea of guilty to the charge of murder in the first degree, for which he was given a life sentence in the State's prison. The State offered other evidence and exhibits strongly corroborating the direct evidence. The defendant neither testified nor offered evidence on the question of his guilt or innocence. The jury returned a verdict of guilty as charged. The court imposed a life sentence. *Certiorari* brought the case here for review.

*T. W. Bruton, Attorney General; Harry W. McGalliard, Deputy Attorney General; James F. Bullock, Deputy Attorney General; Andrew A. Vanore, Jr., Staff Attorney, for the State.*
*Wallace Ashley, Jr., for petitioner defendant.*

HIGGINS, J. The defendant has raised a number of objections to the indictment. The indictment contains all necessary averments. The fact that it carries, in addition to the requirements of G.S. 14-5, the words "did incite, move, aid, counsel, hire" neither contradicts nor invalidates the charge which is otherwise in the wording of the statute. The crime charged is a common law offense. The essential elements necessary to be charged are described in *State v. Bass,* 255 N.C. 42, 120 S.E. 2d 580 and *State v. Williams,* 208 N.C. 707, 182 S.E. 131. The indictment is valid.

The defendant objected to the court's order consolidating his case with a similar charge against Gene Elwood Parker as an accessory before the fact. " 'The court is expressly authorized by statute in this State to order the consolidation for trial of two or more indictments in which the defendant or defendants are charged with crimes of the same class, which are so connected in time or place as that evidence at the trial of one of the indictments will be competent and admissible at the trial of the others. . . . *State v. Combs,* 200 N.C. 671, 158 S.E. 252; *State v. Arsad,* 269 N.C. 184, 152 S.E.

2d 99; *State v. Cooper*, 190 N.C. 528, 130 S.E. 180; *State v. Malpass*, 189 N.C. 349, 127 S.E. 248.' "

The facts in this case fully meet the requirements of consolidation. The two defendants were charged with being accessories before the fact in the murder of Junius Young Parker and were so connected in time and place that the evidence of the trial of one would be competent and admissible at the trial of the other. No conflict in interest appears between the two defendants.

The objection to the manner in which the jurors were selected and summoned is not sustained and, in addition, not only was there no objection to the jury raised at the trial, but actually the defendant, through his counsel, consented to the manner of selection. *State v. Doughtie*, 238 N.C. 228, 77 S.E. 2d 642; *Miller v. State*, 237 N.C. 29, 74 S.E. 2d 513.

The counsel of record appointed by the court has been diligent both in preparing and presenting the defendant's appeal. Careful review fails to disclose error of law.

No error.