STATE OF NORTH CAROLINA v. JERRY WAYNE ALLEN

No. 7718SC301

(Filed 19 October 1977)

1. **Criminal Law § 86.5— impeachment—prior acts of criminal conduct**
    The trial court did not err in permitting the district attorney to cross-examine defendant with respect to two murders for which he had been charged but not tried, since a defendant may be cross-examined for impeachment purposes about specific acts of criminal conduct, and such cross-examination is not limited to offenses for which defendant has been indicted and convicted.

2. **Criminal Law § 86.3— impeachment—admission of conviction—assertion of innocence—further questions**
    When defendant admitted on cross-examination that he had pled guilty to a charge of breaking and entering in 1973 but stated that he was not in fact guilty, the trial court did not err in permitting the district attorney to ask defendant several additional questions about the 1973 case.

3. **Criminal Law § 163— objections to review of evidence—time for making**
    Objections to the trial court's review of the evidence in the charge must be made before the jury retires so as to afford the trial judge an opportunity for correction.

4. **Conspiracy § 6; Criminal Law §§ 9.1, 10; Assault and Battery § 10— conspiracy to rob— accessory before fact to robbery— felonious assault— sufficiency of evidence**

The State's evidence was sufficient for the jury on issues of defendant's guilt of conspiracy to commit armed robbery and accessory before the fact to armed robbery where it tended to show that defendant procured, counseled and encouraged two others to commit an attempted armed robbery of a store proprietor, that the two perpetrators committed a felonious assault on the victim in their attempt to carry out the armed robbery, and that while defendant was in his automobile near the store when the two perpetrators entered the store, he was not there when they came out, and there was no evidence that he remained there after they entered the store; however, the evidence was insufficient for submission to the jury on the issue of defendant's guilt of felonious assault as an aider and abettor since he was not actually or constructively present at the scene of the assault.

5. **Criminal Law § 10.3— accessory before the fact— instructions— absence from crime scene**

Defendant was not prejudiced by failure of the trial court to instruct the jury that absence from the scene of the principal crime was an element of the offense of accessory before the fact to an attempted armed robbery where the absence of defendant from the scene of the attempted robbery was not an issue at trial since witnesses for the State testified that he was not present and defendant himself testified that he was elsewhere at the time of the attempted robbery.

APPEAL by defendant from *Crissman, Judge.* Judgment entered 10 December 1976 in Superior Court, GUILFORD County. Heard in the Court of Appeals 31 August 1977.

Upon pleas of not guilty defendant was tried on bills of indictment charging him with (1) assault with a deadly weapon with intent to kill inflicting serious injury, (2) conspiracy to commit armed robbery, and (3) accessory before the fact to attempted armed robbery. The alleged offenses occurred on 26 August 1976 and Joseph West was the alleged victim.

Evidence presented by the State, including the testimony of Levard Caldwell and David Hayes, tended to show:

At about 9:00 or 9:30 p.m. on 26 August 1976 Levard Caldwell and David Hayes were standing outside the home of the latter. Defendant approached them and stated that he knew where they could pull an armed robbery. He then drove Caldwell and Hayes to his home where he obtained a loaded gun and gave it to Caldwell, after which he drove them to the store operated by Joseph West. On the way to the store, defendant instructed Caldwell and Hayes how to commit the robbery.

Upon arrival at the store, defendant circled the block several times, observing the store as he passed it. He let Caldwell and

Hayes out of the car after which Caldwell went across the street to "check things out". Defendant shouted to Caldwell to go ahead and enter the store and Caldwell and Hayes did so.

Hayes attempted to get the attention of West, the operator of the store, after which Caldwell drew a gun and told West that it was a hold up. Shots were then exchanged between West and Caldwell, resulting in all three of them being shot. Hayes and Caldwell left the store without any money and ran to where defendant was supposed to be waiting but defendant was not there. They then ran to Hayes' house and later defendant joined them.

Thereafter, defendant drove Caldwell and Hayes to the Thomasville hospital, telling them to use fake names and not to mention his name. In response to a call Detective Price of the High Point Police Department went to the store. Defendant walked up to Price and asked him what had happened. Later Price went to the Thomasville hospital and observed defendant in the lobby. Defendant told Price he had picked up Caldwell and Hayes and had taken them to the hospital but refused to state where he picked them up.

Defendant offered alibi evidence to the effect that on 25 and 26 August 1976 he was in Atlanta on a business trip; that he returned around 8:00 or 8:15 p.m. and was with his girl friend between 9:00 and 10:15 p.m.; that around 10:15 p.m. he had occasion to drive by the store and ask Officer Price what had happened; that later he was asked by Hayes and Caldwell to take them to the hospital because they had been shot.

The State offered rebuttal evidence that defendant made a statement to Detective Price to the effect, "[w]hat if I did give them the gun. I can't tell him what to do with it".

The jury returned verdicts finding defendant guilty of conspiracy to commit armed robbery, guilty of accessory before the fact of armed robbery, and guilty of an assault with a deadly weapon inflicting serious injury. The court consolidated the conspiracy and accessory before the fact charges for purpose of judgment and imposed a ten-year prison sentence. On the felonious assault charge the court entered judgment imposing a prison sentence of four years to begin at the expiration of the ten-year sentence, execution of the four-year sentence to be suspended on certain conditions. Defendant appealed.

*Attorney General Edmisten, by Special Deputy Attorney General T. Buie Costen, for the State.*

*Fisher, Fisher & McAllister, by Kenneth W. McAllister, for defendant appellant.*

BRITT, Judge.

By his first assignment of error, defendant contends the court erred in denying his motion to prohibit the district attorney from questioning him with respect to two murders for which defendant had been charged but never tried, and in allowing the district attorney to question him about those murders. This assignment has no merit.

[1]  Defendant testified as a witness in his own behalf. On cross-examination the district attorney questioned him about killing Ollie Ingram and Mackland Little but did not question him about being indicted for the murder of those persons. Defendant concedes that the rule now prevailing in this jurisdiction is that while a defendant may not be cross-examined for purposes of impeachment as to whether he has been indicted or is under indictment for a criminal offense other than that for which he is then on trial, he may be questioned about specific acts of criminal conduct and such cross-examination for purposes of impeachment is not limited to questions concerning convictions of crimes. *See State v. Foster*, 284 N.C. 259, 200 S.E. 2d 782 (1973); *State v. Williams*, 279 N.C. 663, 185 S.E. 2d 174 (1971); and *State v. Splawn*, 23 N.C. App. 14, 208 S.E. 2d 242, *cert. denied*, 286 N.C. 214, 209 S.E. 2d 318 (1974).

At the same time, defendant argues that the rule should be changed and that the cross-examination of a defendant regarding criminal conduct should be limited to offenses for which he has been indicted and convicted. Argument identical to defendant's has been rejected by our Supreme Court in *State v. Foster, supra*, and *State v. McKenna*, 289 N.C. 668, 224 S.E. 2d 537 (1976). The assignment of error is overruled.

[2]  By his second assignment of error, defendant contends the trial court erred in allowing the district attorney, over his objection, to extensively cross-examine him about a prior conviction. This assignment has no merit.

During the course of his cross-examination, defendant was asked if he was not convicted of breaking into and entering Colbert Textiles in High Point in January of 1973. He stated that while he

pled guilty to the offense he was in fact not guilty. The court allowed the prosecutor to ask defendant several additional questions about the case and in this we perceive no impropriety. The scope of the cross-examination of a witness rests largely in the discretion of the trial judge, *State v. Daye*, 281 N.C. 592, 189 S.E. 2d 481 (1972), and the rule that answers given by a witness to questions on cross-examination relating to collateral matters are conclusive does not preclude the examiner from "pressing or sifting the witness" by further cross-examination. 4 Strong's N.C. Index 3d, Criminal Law § 88.3.

[3] We find no merit in defendant's fourth assignment of error. This assignment relates to an alleged inaccuracy by the trial court in reviewing the evidence in the charge to the jury. Suffice it to note that there is no indication in the record that the alleged inaccuracy was called to the attention of the court before the jury retired. The law requires that this be done in order to give the trial judge an opportunity to correct any alleged inaccuracy in his review of the evidence. *State v. Virgil*, 276 N.C. 217, 172 S.E. 2d 28 (1970). The assignment is overruled.

[4] Defendant assigns as errors the failure of the trial court to grant his motions (1) for nonsuit as to all charges and (2) for arrest of judgment in all cases. With respect to the felonious assault charge, and judgment rendered therein, we think the assignments have merit. As to the other charges and judgments, we find no merit in the assignments.

Defendant argues that in order to be guilty of a felonious assault the offender must be present at the scene of the assault either actually or constructively; and to be guilty of accessory before the fact, the offender must be absent from the scene. Therefore, he argues, under the indictments and evidence in these cases, he could not be guilty of a felonious assault on West and also be guilty of accessory before the fact to armed robbery or attempted armed robbery. We find this argument persuasive.

"A principal in the first degree in an assault and battery is he who actually commits the assault and battery with his own hand. A principal in the second degree in an assault and battery is one who is actually or constructively present when an assault and battery is committed by another, and who aids or abets such other in its commission." 1 Strong's N.C. Index 3d, Assault and Battery § 10.

"An accessory before the fact is one who was absent from the scene when the crime was committed but who procured, counseled,

commanded or encouraged the principal to commit it." *State v. Benton*, 276 N.C. 641, 653, 174 S.E. 2d 793, 801 (1970).

In the instant cases, the evidence showed that defendant "procured, counseled, commanded or encouraged" Caldwell and Hayes to commit the attempted armed robbery of West and that he was absent from the scene; and that Caldwell and Hayes committed the felonious assault on West in their attempt to carry out the armed robbery. While the evidence showed that defendant was in his automobile near the store when Caldwell and Hayes entered the store, he was not there when they came out and there was no showing that he remained there after they entered.

We hold that the felonious assault charge against defendant should not have been submitted to the jury and that the trial court should have arrested the judgment on that charge. We also hold that the evidence was sufficient to survive the motions for nonsuit of the conspiracy and accessory before the fact charges and that the judgment in those cases should not have been arrested.

[5] By his sixth assignment of error, defendant contends the court erred in its jury instructions pertaining to accessory before the fact in that the court did not instruct that absence from the scene of the principal crime is an element of the offense. Assuming, *arguendo*, that this assignment has merit, we do not think defendant was prejudiced by the error.

Defendant relies on the following statement from *State v. Bass*, 255 N.C. 42, 51, 120 S.E. 2d 580, 587 (1961), quoted with approval in *State v. Buie*, 26 N.C. App. 151, 153, 215 S.E. 2d 401, 403 (1975):

"There are several elements that must concur in order to justify the conviction of one as an accessory before the fact: (1) That he advised and agreed, or urged the parties or in some way aided them to commit the offense. (2) That he was not present when the offense was committed. (3) That the principal committed the crime." 22 C.J.S., Criminal Law, § 90, p. 269.

While we do not dispute the quoted statement, the absence of defendant from the scene of the principal offense in the instant case was not an issue at trial. Witnesses for the State testified that he was not present and as a witness for himself defendant testified that he was elsewhere at the time of the attempted armed robbery.

"The chief purposes of the charge are clarification of the issues, elimination of extraneous matters, and declaration and application of the law arising upon the evidence." Chief Justice Stacy in *State v.*

*Jackson*, 228 N.C. 656, 658, 46 S.E. 2d 858, 859 (1948), citing *State v. Matthews*, 78 N.C. 523 (1878), and *State v. Dunlop*, 65 N.C. 288 (1871). "Mere technical error will not entitle defendant to a new trial; it is necessary that error be material and prejudicial and amount to a denial of some substantial right." 4 Strong's N.C. Index 3d, Criminal Law § 167, p. 851.

While the trial court might have erred in the omission complained of, we find it inconceivable that the omission, under the evidence in this case, was material and prejudicial. The assignment of error is overruled.

In No. 76CRS20479 (felonious assault case), judgment arrested.

In Nos. 76CRS20480 and 76CRS20481 (conspiracy and accessory before the fact cases), no error.

Chief Judge BROCK and Judge MORRIS concur.