STATE OF NORTH CAROLINA v. DAVID MONDS

No. 774SC1051

(Filed 6 June 1978)

**1. Constitutional Law § 53— speedy trial—delay of trial after extradition**

The trial court properly denied defendant's motion to dismiss the charges against him for failure to give him a speedy trial where the alleged criminal acts occurred in December 1974; defendant was charged in late 1976, arrested in Connecticut in December 1976, extradited to North Carolina on 19 February 1977, and tried in September 1977; the cases were continued from term to term from February until August; all the continuances were for defendant's convenience except one at which term the district attorney called for trial a murder case which lasted for four days; the accused in the murder case had been in jail longer than defendant; the case was not set for trial the first term

defendant was in North Carolina because the district attorney did not know he had returned; and defendant failed to show any prejudice caused by the delay.

2. **Criminal Law § 99.4— repetitious testimony—court's statement—no expression of opinion**

The trial court did not express an opinion in stating to defense counsel that a witness had "already said that three or four times."

3. **Criminal Law § 99.3— statement by trial court—no expression of opinion**

Where the district attorney contended that a statement by defendant's companion to an SBI agent that "I was going to be going" was misprinted and should have read "I was going to be whoring," the trial court did not express an opinion in stating, "I read the statement and I did not understand it. I did not know what it meant," or in instructing the jury to disregard any reference to "whoring."

4. **Criminal Law § 99.6— withdrawal of question—court's statement—no expression of opinion**

The trial court did not express an opinion in stating to defense counsel, "You may withdraw the question. I am inclined that someone else may ask it."

5. **Forgery § 1— instructions—check capable of defrauding**

The trial court's instruction that an element of forgery was "that the check appeared to be genuine" adequately stated the element of forgery that "the check as made was apparently capable of defrauding."

6. **Criminal Law § 10.3— accessory before the fact—instructions—absence from crime scene**

The trial court did not err in failing to instruct that an element of accessory before the fact to forgery and uttering was that defendant was not present when the principal committed the offenses where the undisputed evidence showed that defendant was not present when the principal forged a check and uttered it.

APPEAL by defendant from *Martin (Perry), Judge.* Judgment entered 22 September 1977 in Superior Court, ONSLOW County. Heard in the Court of Appeals 25 April 1978.

Defendant was tried on two counts of aiding and abetting in forgery of a check, two counts of aiding and abetting in the uttering of a forged check, one count of accessory before the fact to forgery of a check, and one count of accessory before the fact to uttering of a forged check. Upon a verdict of guilty on all counts, he was sentenced to prison for consecutive prison terms totaling 18 years.

Facts necessary for the decision in this case will be more fully set out in the opinion.

*Attorney General Edmisten, by Assistant Attorney General Archie W. Anders, for the State.*

*John R. Parker, for the defendant.*

WEBB, Judge.

The defendant contends by his assignments of error that (1) the charges against him should have been dismissed for failure to give him a speedy trial, (2) the judge expressed an opinion on the evidence in violation of G.S. 1-180, (3) there was error in the charge as to aiding and abetting forgery and aiding and abetting uttering a forged check, and (4) there was error in the charge as to being an accessory before the fact of forgery and accessory before the fact of uttering a forged check.

[1]  [1] As to the defendant's contention that the charges against him should have been dismissed for failure to give him a speedy trial, the superior court, before trial, had a hearing on the defendant's motion to dismiss on this ground. It made findings which were supported by the evidence that the alleged criminal acts of the defendant occurred in December, 1974, that the defendant was charged in late 1976, arrested in Connecticut in December, 1976, and extradited to North Carolina on 19 February 1977. The court further found that the cases were continued from term to term from February until August when the defendant made a motion for a speedy trial. The cases against the defendant were tried in September, 1977. All the continuances were for the convenience of the defendant except one at which term the district attorney called for trial a murder case which took four days to try. The defendant in the murder case had been in jail longer than the defendant in this case. The defendant's case was not set for trial the first term he was in North Carolina after extradition because the district attorney did not know he had returned. The defendant did not show any prejudice by the delay in his trial.

Taking into account the length of the delay, the cause of the delay, waiver by the defendant, and prejudice to the defendant caused by the delay, we hold the superior court was correct in denying the motion to dismiss for failure to grant a speedy trial. *State v. McKoy*, 294 N.C. 134, 240 S.E. 2d 383 (1978); *State v. Spencer*, 281 N.C. 121, 187 S.E. 2d 779 (1972), and *State v. Johnson*, 275 N.C. 264, 167 S.E. 2d 274 (1969).

[2] Defendant contends that on four occasions the trial judge expressed an opinion on the evidence in violation of G.S. 1-180. We disagree.

**[2]** The statement to which the defendant first objects came after a witness had testified several times on redirect examination that he was unable to identify a particular check writing machine as printing the writing on a check allegedly forged. On recross examination, defense counsel asked a question designed to again point out that the witness could not positively connect the check machine and the check. Then, the following exchange occurred:

"COURT: Hasn't he already said that three or four times? Isn't that what you are saying?

WITNESS: Yes, sir.

COURT: I thought all of you understood that by now."

We do not interpret the judge's remarks as an opinion on the evidence. We believe that he was simply exercising his discretion in conducting the trial by pointing out to defense counsel that the question had been answered. *See State v. Grant,* 19 N.C. App. 401, 199 S.E. 2d 14 (1973).

**[3]** The second alleged instance of improper comment occurred after a dispute between defense counsel and the district attorney as to what statement was given by Kathleen Mullins to SBI Agent Marshall Evans. Defense counsel contended that the statement made was "I was going to be going", but the district attorney argued that the statement was misprinted and should have read: "I was going to be whoring." Judge Martin then said, "I read the statement and I did not understand it. I did not know what it meant." After further discussion as to the actual statement of Kathleen Mullins, Judge Martin delivered this instruction to the jury:

". . . the lady is not charged in any bill of indictment with prostitution. . . . I'm going to ask you to dismiss totally from your mind the word that you just heard Mr. Evans, 'whoring', if it was a part of this statement it had no bearing on this case . . . do not consider that in your deliberations."

We hold that Judge Martin did not express an opinion on the evidence, and his instructions protected defendant from any potential prejudicial effect the statement might have engendered in the minds of jurors.

[4]   Defendant also contends that it was error for the trial judge to state to defense counsel, "You may withdraw the question. I am inclined that someone else may ask it." This statement was made after defense counsel asked a witness a question, objected to the witness's response, and then had his objection challenged by the district attorney on the basis that defense counsel had asked the witness a question he did not want answered. We believe no prejudice resulted from the judge's statement. We interpret Judge Martin's statement as a ruling that defense counsel could withdraw his question and that the district attorney could later ask the question.

Fourth, the defendant contends the trial judge expressed an opinion as to the weight of the evidence by taking a disproportionate amount of time to recapitulate the contentions of the State as compared to the contentions of the defendant. In view of the fact that no evidence was offered by defendant, we do not find that the length of the summary of the State's evidence violates G.S. 1-180. *State v. King*, 256 N.C. 236, 123 S.E. 2d 486 (1962).

[5]   [3] The jury instructions on aiding and abetting forgery are challenged on the grounds that an essential element of the crime was omitted from the charge. Defendant contends that the jury was not instructed to find that the checks which the defendant had allegedly aided and abetted in forging had an apparent capability to defraud. *See State v. Greenlee*, 272 N.C. 651, 159 S.E. 2d 22 (1968). The jury was charged that it must find beyond a reasonable doubt:

"That . . . made falsely a check.

Secondly, that at the time . . . falsely made the check, he or she intended to defraud.

Thirdly, that the check appeared to be genuine."

This instruction is taken from the Pattern Jury Instructions, N.C.P.I.—Crim. 221.10. The three elements of forgery are (1) a

false writing of the check, (2) an intent to defraud on the part of the defendant, and (3) the check as made was apparently capable of defrauding. *State v. Greenlee, supra.* No particular form of charge is required so long as the charge adequately explains the law. We hold that the sentence "the check appeared to be genuine" adequately states the third element of forgery that "the check as made was apparently capable of defrauding." In *State v. McAllister*, 287 N.C. 178, 214 S.E. 2d 75 (1975), the Court had before it a charge similar to that of the case at bar. The case was decided on another point without mention of the charge.

[6] [4] The defendant also assigns as error the charge of the court as to accessory before the fact of forgery and accessory before the fact of uttering a forged check. The court in its charge followed the Pattern Jury Instructions, N.C.P.I.—Crim. 202.30. The charge did not include an instruction that the jury must be satisfied beyond a reasonable doubt that the defendant was not present when the principal committed the offense. This Court approved a similar charge in *State v. Allen*, 34 N.C. App. 260, 237 S.E. 2d 869 (1977), *cert. denied*, 293 N.C. 741, 241 S.E. 2d 516 (1978). It is true that *State v. Sauls*, 291 N.C. 253, 230 S.E. 2d 390 (1976); *State v. Bass*, 255 N.C. 42, 120 S.E. 2d 580 (1961), and *State v. Buie*, 26 N.C. App. 151, 215 S.E. 2d 401 (1975) have said that an essential element of the crime of accessory before the fact is that the defendant not be present. *Allen* held it was not prejudicial error for the court not to charge that the jury must find the defendant was not present since the undisputed evidence was that he was absent. That is what all the evidence showed in this case. As to the forging and uttering the forged check on 5 December 1974, all the evidence was to the effect that the defendant was not in the presence of the person who forged the check and uttered it, but that the defendant had aided and counseled the perpetrator of the forgery and uttering before these crimes were committed. We hold that it was not necessary to charge that the jury would have to find the defendant was not present.

No error.

Judges PARKER and VAUGHN concur.