STATE OF NORTH CAROLINA v. EMMETT ALSTON

No. 7314SC203

(Filed 28 March 1973)

**1. Criminal Law § 88— cross-examination of accomplice to show bias — leniency in accomplice's sentence**

In this prosecution for armed robbery and conspiracy to commit armed robbery, the trial court erred in refusing to allow defense counsel to cross-examine an alleged accomplice of defendant as to whether he was testifying against defendant because of an expectation

of leniency when he faced a possible sentence of 30 years, since defendant's right to show bias took precedence over the rule that it is improper to bring out before the jury the length of a possible sentence.

2. **Robbery § 4; Criminal Law §§ 9, 10— armed robbery — aider and abettor — accessory before the fact**

The trial court in an armed robbery prosecution erred in submitting an issue to the jury as to defendant's guilt as an aider and abettor, but should have submitted an issue as to defendant's guilt as an accessory before the fact, where the evidence tended to show that defendant participated in planning the robbery and furnished the guns, automobile and driver of the automobile used in the robbery, but there was no evidence that defendant personally assisted in the robbery or that he was in the vicinity where the robbery occurred.

ON *certiorari* to review a trial before *Cooper, Judge,* 30 May 1972 Criminal Session of DURHAM Superior Court.

Defendant was charged in indictment No. 72CR892 with armed robbery, and in indictment No. 72CR895 with conspiracy to commit armed robbery. Upon a verdict of guilty to both charges, defendant was sentenced to imprisonment for the term of twenty-five years in case No. 72CR892, and a term of ten years in case No. 72CR895.

The evidence tended to show that Alfred Jackson and Curtis Williams, together with defendant, planned to rob the McDougald Terrace office of the Durham Housing Authority on 3 September 1971; that defendant had introduced the robbery plan and encouraged Jackson and Williams to participate; that defendant furnished the guns used in the robbery, the automobile which was to have been used for escape, and the driver whose identity Jackson and Williams did not know. The defendant did not personally assist in the robbery, and there was no evidence that he was in the vicinity where the robbery took place.

Officer Henry H. Cameron testified that the Durham police had received information that the McDougald Terrace Housing office would be robbed during the first of the month of September 1971. He did not know the exact date of the robbery or the identity of the persons who would attempt it. He and Detective Hayes were concealed inside the McDougald Terrace office on 3 September 1971, and apprehended Jackson and Williams after they had taken money from the safe. Jackson and Williams also testified for the State.

*Attorney General Robert Morgan by Assistant Attorney General Edward L. Eatman, Jr., for the State.*

*Loflin, Anderson, Loflin & Goldsmith by Thomas F. Loflin III for defendant appellant.*

CAMPBELL, Judge.

Defendant has asserted in several assignments of error that the trial court improperly conducted the trial. We think at least two of these assignments are well taken, and there must be a new trial. We will refrain from discussing the other assignments of error as they may not arise on a new trial.

[1] During the course of the trial, counsel for the defendant was attempting to question one of the two holdup men who testified against the defendant. The line of questioning was aimed at testing the credibility of the witness with particular reference to whether he was testifying against the defendant because of the possibility that he would be able to expect leniency in his own sentence when he was faced with a potential maximum sentence of 30 years. The trial judge intervened and ruled that this line of cross-examination could not proceed. The trial judge was acting on the premise that it was improper to bring out before the jury the possible sentence as that was a matter for the court and not for the jury. In the instant case the defendant's counsel had the right to probe and test the credibility of the witness, and this right took precedence over the prohibition the judge was seeking to maintain. Much latitude is allowed in showing the bias, hostility or other interest of a witness with respect to the case or other facts tending to prove that the testimony of the witness is unworthy of credit. *State v. Roberson,* 215 N.C. 784, 3 S.E. 2d 277 (1939). It was error to restrict the cross-examination.

[2] The trial judge submitted case No. 72CR892, which was the charge of armed robbery, on the basis of the defendant being an aider and abettor. There was no evidence in the record to support such a finding. There is no evidence which would support a finding that at the time the robbery was committed, defendant was situated where he could give Jackson or Williams any advice, aid, encouragement, or comfort, if needed, while they were perpetrating the robbery. Thus, defendant was neither actually nor constructively present at the time, and he could be guilty at most of being an accessory before the fact. An accessory be-

fore the fact is one who meets every requirement of a princi-
pal in the second degree, except that of presence at the time.
*State v. Wiggins,* 16 N.C. App. 527, 192 S.E. 2d 680 (1972).
On this record case No. 72CR892 (armed robbery) should have
been submitted to the jury on whether or not the defendant
was an accessory before the fact which was an included offense
within the bill of indictment.

New trial in both cases.

Judges BRITT and GRAHAM concur.