STATE OF NORTH CAROLINA v. JAMES LOUIS BUIE

No. 7520SC179

(Filed 4 June 1975)

Criminal Law §§ 9, 10— aiding and abetting — accessory before the fact —
sufficiency of evidence

Defendant could not be convicted as a principal of the crimes of
breaking and entering, larceny and attempted safecracking where the
State's evidence tended to show only that defendant and the State's
witness planned for the witness and three others to break into a
building to steal tools, while the four men were in the building one
of them attempted to break open the safe, the others told him to forget
the safe, the four men took tools to a place 300 feet from the building,
the witness telephoned defendant, who was at home a quarter of a
mile away, and defendant picked up the men and tools in his vehicle;
however, the evidence would be sufficient to support a conviction of
defendant for accessory before the fact of the crimes of breaking or
entering and larceny but not for accessory before the fact of attempted
safecracking.

APPEAL by defendant from *Kivett, Judge.* Judgment en-
tered 6 December 1974 in Superior Court, MOORE County. Heard
in the Court of Appeals 7 May 1975.

To charges of (1) breaking or entering and (2) larceny of
tools pursuant thereto in one indictment, and (3) attempted
safecracking in another indictment, the defendant pled not
guilty.

The State's evidence tended to show that all offenses oc-
curred on the night of 11 August 1974 in a building of Riddle
Equipment Co., Inc., a dealer in farm tractors and related sup-
plies. George Dowdy, charged in the same indictments but not
tried as a codefendant, testified that he was a part-time em-
ployee of the Company; that about three days before 11 August
defendant told him the defendant and three other guys needed
some tools and asked if the witness would help him. Dowdy
agreed to do so, and defendant told him that the three guys
would meet Dowdy about midnight at the sawdust pile located
about 300 feet from the company building. Dowdy met them
as planned, and the four men went to the building and entered
after cutting a hole in the roof. While three of them were getting
tools and putting them in boxes, the fourth man, named John,
began trying to open the safe with a sledgehammer and chisel.
John was told by the others to leave the safe alone; that they.

had gotten the tools they wanted. The four men left with the tools and went back to the sawdust pile. The others asked Dowdy to call the defendant, and Dowdy left them and walked about a quarter of a mile to a store, where he made a telephone call to defendant and asked him to pick them up at the sawdust pile. Defendant lived about a quarter of a mile from the company building. He drove his vehicle to the sawdust pile; the tools were put in the back of the car, and defendant drove away with the others in the car. Defendant testified and denied that he planned with Dowdy to get the tools but did admit receiving a telephone call from him about 3:00 a.m.

The jury found the defendant guilty of the three offenses as charged, and from judgments imposing imprisonment on the breaking or entering and larceny charges and probation on the attempted safecracking charge, defendant appealed.

*Attorney General Edmisten by Associate Attorney Joan H. Byers for the State.*

*Chambers, Stein & Ferguson by Charles L. Becton for defendant appellant.*

CLARK, Judge.

The defendant was convicted as a principal of the crimes of breaking or entering, felonious larceny, and attempted safecracking, though he was not actually present at the scene of the crimes. There are two exceptions to the rule that an accused cannot be convicted as a principal when he is not actually present at the scene. First, if the defendant was constructively present when the crime was committed and aided or abetted the others in the commission of the crime, he would be a principal in the second degree and equally guilty with the others. *State v. Mitchell,* 24 N.C. App. 484, 211 S.E. 2d 645 (1975). Second, the accused would be guilty as a principal when he causes a crime to be committed through an innocent agent, that is, one who is not himself legally responsible for the act, *i.e.,* a mental defective. *State v. Benton,* 276 N.C. 641, 174 S.E. 2d 793 (1970).

There is no evidence in this case that Dowdy or any of his partners in crime were innocent agents. Nor is there sufficient evidence to support a finding that the defendant was an aider and abettor and, therefore, guilty as a principal in the second degree, because the evidence, considered in the light

State v. Buie

most favorable to the State, does not support the defendant's constructive presence. At the time of the perpetration of the crimes the defendant was in his home about a quarter of a mile away. While actual distance from the crime scene is not always controlling in determining constructive presence, the accused must be near enough to render assistance if need be and to encourage the actual perpetration of the crime. *State v. Dawson,* 281 N.C. 645, 190 S.E. 2d 196 (1972) ; *State v. Bell,* 270 N.C. 25, 153 S.E. 2d 741 (1967) ; *State v. Chastain,* 104 N.C. 900, 10 S.E. 519 (1889) ; *State v. Alston,* 17 N.C. App. 712, 195 S.E. 2d 314 (1973) ; *State v. Wiggins,* 16 N.C. App. 527, 192 S.E. 2d 680 (1972).

We conclude, therefore, that under this evidence, the defendant could not be guilty as a principal of either the crime of breaking or entering or larceny or attempted safecracking. However, there is evidence sufficient to support a conviction for accessory before the fact to breaking or entering, and for accessory before the fact to felonious larceny. The crime of accessory before the fact is a lesser offense of a felony charged in the bill of indictment, and a defendant may be convicted of accessory before the fact on an indictment charging the principal crime. G.S. 15-170; *State v. Simons,* 179 N.C. 700, 103 S.E. 5 (1920) ; *State v. Bryson,* 173 N.C. 803, 92 S.E. 698 (1917) ; *State v. Wiggins,* 16 N.C. App. 527, 192 S.E. 2d 680 (1972).

An accessory before the fact is defined in G.S. 14-5 as one who shall "counsel, procure or command any other person to commit any felony." G.S. 14-6 provides for the punishment of accessories before the fact. " 'There are several elements that must concur in order to justify the conviction of one as an accessory before the fact: (1) That he advised and agreed, or urged the parties or in some way aided them to commit the offense. (2) That he was not present when the offense was committed. (3) That the principal committed the crime.' " *State v. Bass,* 255 N.C. 42, 51, 120 S.E. 2d 580, 587 (1961), quoting 22 C.J.S., Criminal Law, § 90, at 269 (1961). See also *State v. Williams,* 208 N.C. 707, 182 S.E. 131 (1935) ; *State v. Mann,* 2 N.C. 4 (1781).

On the charge of attempted safecracking the evidence shows that the defendant asked Dowdy to help him get some tools; that they planned for Dowdy and others to break into the Riddle Equipment Co. building to steal tools; that while

the four men were in the building, one of the four, John, got a sledgehammer, chisel and torch, and while the other three were gathering up tools, attemped to break open the safe; after the three men had put the tools in boxes, they told John to forget the safe, which he apparently did. We find that the defendant is not criminally responsible for the acts of the one, John, since it was the independent product of his mind, foreign to the common design and plan to break into the building and steal tools. Safecracking (G.S. 14-89.1) is a separate and distinct crime, usually requiring special implements or explosives and particular skills. The maximum punishment under the statute exceeds that of breaking or entering combined. Under these circumstances the attempted safecracking was outside, and not incidental to, the scope of the plan to steal tools.

The rule of criminal responsibility for the acts of others is subject to the reasonable limitation that the particular act must be shown to have been done in furtherance or in prosecution of the common object and design for which the parties were combined. 21 Am. Jur. 2d, Criminal Law, § 132 (1965); 15A C.J.S., Conspiracy, § 74 (1967); *People v. Werner*, 16 Cal. 2d 216, 105 P. 2d 927 (1940).

On the charge of attempted safecracking (74CR6017), the judgment is vacated.

On the charges of breaking or entering and larceny (74CR6016), the cause is remanded so that the District Attorney, should he elect to do so, may try defendant under the original bill of indictment for the offense of being an accessory before the fact to breaking or entering and for the offense of accessory before the fact to larceny.

Judges MARTIN and ARNOLD concur.