State v. Sauls

———————————

STATE OF NORTH CAROLINA v. SEARS WILLIAM SAULS

No. 7518SC1018

(Filed 19 May 1976)

1. **Criminal Law § 10— accessory before the fact — elements**
    The crime of accessory before the fact is a common law offense, and its necessary elements are that: (1) the defendant counseled, procured or commanded the principal to commit the offense, (2) he was not present when the offense was committed, and (3) the principal committed the crime.

2. **Forgery § 2— forging and uttering forged check — accessory before the fact — insufficiency of evidence**
    In a prosecution for accessory before the fact to forgery and uttering a forged check, evidence was insufficient for the jury where it tended to show that the principals went to defendant and informed him that they needed to get a N. C. driver's license in a fictitious name in order to cash checks, defendant told them the requirements for obtaining a license and the location of the licensing office, defendant loaned the principals a car to drive to the license bureau, the principals obtained licenses and then forged a check for $2100, on the next day the principals returned to defendant's place of busi-

ness, paid him cash for two used cars, and handed him $2000, nothing was said when the $2000 was passed, and defendant pocketed the money.

Judge PARKER dissenting.

APPEAL by defendant from *Collier, Judge.* Judgment entered 10 July 1975 in Superior Court, GUILFORD County. Heard in the Court of Appeals 5 April 1976.

In a bill of indictment it was charged that on 28 November 1973 the defendant (1) forged a check in the sum of $2,100.00 drawn on the trust account of Hoyle, Hoyle and Boone, Attorneys at Law, and (2) uttered the forged check.

The State elected to try the defendant on the charges of (1) accessory before the fact to forgery, and (2) accessory before the fact to uttering. The jury found the defendant guilty of both crimes; Judge Collier deferred sentence pending probation report; from judgment imposing imprisonment, defendant appeals.

*Attorney General Edmisten by Assistant Attorney General Archie W. Anders for the State.*

*William C. Ray for defendant appellant.*

CLARK, Judge.

The crime of accessory before the fact to the crime charged in an original indictment is a lesser included offense. *State v. Simons,* 179 N.C. 700, 103 S.E. 5 (1920); *Richardson v. Ross,* 310 F. Supp. 134 (E.D.N.C. 1970). The State having elected to proceed on the charges of accessory before the fact to the principal charges in the indictment, the trial court properly submitted to the jury these lesser offenses.

G.S. 14-5 provides in part as follows: "If any person shall *counsel, procure,* or *command* any other person to commit any felony . . . the person . . . shall be guilty of a felony . . . . " (Emphasis added.)

[1] The crime of accessory before the fact is a common law offense. In this State the necessary elements of the crime are: (1) that the defendant counseled, procured, or commanded the principal to commit the offense; (2) that he was not present when the offense was committed; and (3) that the principal

committed the crime. *State v. Bass,* 255 N.C. 42, 120 S.E. 2d 580 (1961).

A defendant may be tried and convicted as a principal in the first degree as the actual perpetrator of the offense, or as a principal in the second degree as an aider or abettor of the perpetrator, in which case he must be actually or constructively present. *State v. Bell,* 270 N.C. 25, 153 S.E. 2d 741 (1967); *State v. Buie,* 26 N.C. App. 151, 215 S.E. 2d 401 (1975). If not present either actually or constructively, he may be tried and convicted of accessory before the fact to the principal charge, which is a lesser offense thereof. "Thus, ordinarily, the only distinction between a principal and an accessory before the fact is that the latter was not present when the crime was actually committed." *State v. Benton,* 276 N.C. 641, 653, 174 S.E. 2d 793, 801 (1970). However, an examination of the decisions leads to the conclusion that presence at the scene of the crime and little else is sufficient to constitute "aiding and abetting," *i.e.,* under some circumstances mere presence plus friendship with the perpetrator. But for a defendant, not actually or constructively present at the scene, to be criminally responsible for the acts of others as an accessory before the fact, it must be shown that he counseled, or procured, or commanded the others to perpetrate the crime. An accessory before the fact has been described as one who furnishes the means to carry on the crime, whose acts bring about the crime through the agency of or in connection with the perpetrators, who is a confederate, who instigates a crime. See 22 C.J.S., Criminal Law, § 90.

[2] The evidence for the State in the present case tends to show that Edward George Busby and Ronald McVey, in the car sales business at Portsmouth, Virginia, purchased some printed checks and identification cards from a "Mr. Frazier." The check in question apparently had been stolen from the law office of Hoyle, Hoyle and Boone, without the knowledge of any member of the firm. Busby had previously known for over a year the defendant Sauls, who was employed as a used car salesman in Greensboro. They went to see defendant and told him they were there to get a North Carolina driver's license in a fictitious name to be used in cashing checks. Defendant told them that to get the license they would have to show identification and take a written test and explained to them where to go to get the license. At their request defendant let them use a car on

the lot to go to the licensing office. Busby and McVey then left, went to the licensing office, and each obtained a North Carolina driver's license to correspond to the names on two identification cards. They went to Portsmouth, spent the night and returned to Greensboro the following day. They typed in on the $2,100.00 check drawn on the Trust Account of Hoyle, Hoyle and Boone the name Hugh Harrison as payee to correspond to the name on the North Carolina driver's license issued to McVey, who cashed the check at a branch of First Union National Bank. They forged and cashed other checks. They then went to the automobile sales lot where defendant worked; Busby bought and paid cash to him for two used cars and at the same time McVey handed him $2,000.00 cash; defendant gave the money for the cars to the manager and stuck the $2,000.00 in his pocket. Neither McVey nor defendant said anything when the $2,000.00 was passed.

Considering this evidence in the light most favorable to the State, we find that there is not sufficient evidence to carry the case to the jury on either charge of accessory before the fact. The plan to commit the crime was conceived by Busby and McVey. Defendant did little more than tell them where and what they would have to do to obtain a North Carolina driver's license. There was no evidence that defendant was shown the check in question, or that he was told how, when or where this check would be forged and uttered, or that he thereafter advised or counseled them in any way or planned to share in the money obtained by them in cashing the $2,100.00 forged check or any other forged checks. Nothing was said when McVey gave to defendant the $2,000.00 cash after the crimes were committed. Two thousand dollars is a handsome reward for the routine information as to the location of the state licensing office and the requirements for obtaining a driver's license, but this evidence is sufficient only to create a suspicion that defendant and the perpetrators conspired to commit the offenses, or that the sum was paid to defendant as "hush money." Mere concealment of knowledge that a felony is to be committed does not make the party concealing it an accessory before the fact. 21 Am. Jur. 2d, Criminal Law, § 124.

The Supreme Court of North Carolina and this Court have held in many cases that evidence which raises no more than a surmise or conjecture of guilt is insufficient to overrule nonsuit, and there must be legal evidence of each fact necessary

to support conviction. 2 Strong, N. C. Index 2d, Criminal Law, § 106.

Defendant's motion for judgment of nonsuit on both charges should have been allowed.

Reversed.

Judge BRITT concurs.

Judge PARKER dissenting.

In my view the State's evidence was sufficient to carry the case to the jury on the charge that defendant was an accessory before the fact to the crimes described in the indictment. Evidence presented by the State shows the following:

1. Busby and McVey went to defendant in the last week of November 1973 and told him they needed to get a North Carolina driver's license in a fictitious name in order to cash checks;

2. Defendant gave them directions to the license bureau and instructed them that in order to get the licenses they needed to take a written test and show identification;

3. Defendant loaned the men a car to drive to the license bureau;

4. At the license bureau, Busby obtained a North Carolina driver's license in the name of Irvin R. Squires and McVey obtained a North Carolina driver's license in the name of Hugh C. Harrison;

5. On 27 November 1973, Busby filled out a check in the name of E. E. Boone, Jr. as maker. The next day McVey cashed this check on 28 November 1973 at the First Union National Bank in Greensboro, signing the name Hugh C. Harrison and presenting his North Carolina driver's license in the name of Hugh C. Harrison;

6. Defendant personally received $2,000 in cash from the two men upon their return from cashing the checks;

7. When Busby relayed his worry to defendant that a patrolman had taken down the license plate number of

their car while at the license bureau, defendant told him "not to worry about anything, that if anybody came by, he'd cover up for [him]."

8. Some days later, defendant called Busby to inform him that the police "know who you are" and advised him to get out of town.

One is guilty as an accessory before the fact if he shall "counsel, procure or command any other person to commit any felony." G.S. 14-5. The term "counsel" is frequently used in criminal law to "describe the offense of a person who, not actually doing the felonious act, by his will contributed to it or procured it to be done." *State v. Bass,* 255 N.C. 42, 51, 120 S.E. 2d 580, 586 (1961). Although defendant was not the originator of the criminal activities disclosed in this case, the above facts tend to show that, with full knowledge of what was going on, he actively contributed to the criminal activities of Busby and McVey by giving them advice on how to accomplish a key step in their unlawful scheme and by furnishing them transportation for that purpose. "To render one guilty as an accessory before the fact, he must have had the requisite criminal intent; and it has been said that he must have the same intent as the principal. It is well settled, however, that he need not necessarily have intended the particular crime committed by the principal; an accessory is liable for any criminal act which in the ordinary course of things was the natural or probable consequence of the crime that he advised or commanded." 22 C.J.S., Criminal Law, § 92, p. 271. Thus, the defendant in this case, just as did the defendant in *State v. Bass, supra,* with full knowledge of the other men's intentions, gave both advice and assistance "in regard to and in furtherance of the proposed line of conduct and thereby contributed to it." *State v. Bass, supra,* p. 51.

In my view the State's evidence was sufficient to make out a prima facie case of counseling the commission of the felonies charged, and I would find no error in submitting the case to the jury.