STATE OF NORTH CAROLINA v. JOHN EDWARD GREGORY

No. 7810SC197

(Filed 29 August 1978)

**1. Robbery § 4.3— armed robbery of theatre—sufficiency of evidence**

Evidence was sufficient for the jury in a prosecution for robbery with a firearm where such evidence tended to show that defendant and two others planned to rob a theatre; the three drove to the scene of the crime in defendant's car; and defendant remained in the area as a means of the robbers' getaway.

**2. Criminal Law § 33.2— robbery of theatre—plans to rob other theatres—evidence admissible to show intent**

In a prosecution for armed robbery of a theatre, the trial court did not err in permitting a State's witness to testify as to certain conversations he had with defendant pertaining to possible robberies of theatres in certain other cities, since such evidence was competent to show defendant's intent.

**3. Criminal Law § 96— prejudicial evidence—evidence promptly withdrawn**

In a prosecution for armed robbery and conspiracy where a witness testified that he worked for defendant by working or burning—it is unclear which the witness said—a named theatre and "some breaking, entering and larceny," defendant was not prejudiced since the court promptly instructed the jury to disregard the testimony.

**4. Criminal Law § 70 — conspirators' conversation — admissibility of tape recording**

In a prosecution for armed robbery of a theatre and conspiracy, the trial court properly allowed into evidence a tape recording of a conversation among the conspirators, one of whom was working undercover for the police and who had an electronic listening device hidden on his person during the conversation; moreover, a witness was properly allowed to use a transcript of the tape to refresh his memory.

APPEAL by defendant from *Smith (Donald L.), Judge.* Judgment entered 6 October 1977 in Superior Court, WAKE County. Heard in the Court of Appeals 21 June 1978.

Defendant was indicted for armed robbery and conspiracy, convicted by a jury, and sentenced to consecutive terms of forty years and one day to ten years respectively.

State's evidence tended to show that: defendant owned and managed the State Theatre, and Douglas Newsome worked for him; defendant was in debt and suggested robbing a theatre; they discussed it for some time before deciding upon a specific robbery; defendant, Newsome, and Thomas Moody met on the night of 22 April 1977 and made plans to rob the Village Theatre; Moody was working undercover for the police and had an electronic listening device hidden on his person during this conversation; the police taped the conversation and had the Village Theatre under surveillance the following night; defendant bought a shotgun on 23 April 1977, and the three men involved (defendant, Newsome, and Moody) sawed down the barrel and test-fired the gun; they drove to the Village Theatre on the night of 23 April 1977 in defendant's car; and Newsome and Moody went into the theatre while defendant waited outside.

Newsome and Moody waited until the box office had closed, and then went to the manager's office and robbed him, with the shotgun, of about $1500. Defendant had driven around the shopping center and was waiting in his car at a nearby intersection. Newsome and Moody left the theatre and went to defendant's car at which time all three were arrested. Defendant appealed.

*Attorney General Edmisten, by Associate Attorney Thomas H. Davis, Jr., for the State.*

*Stephen T. Smith, for defendant appellant.*

ERWIN, Judge.

[1]  Defendant raises several questions on this appeal. We will first consider his argument that the trial court should have granted his motion for judgment as of nonsuit as to robbery with a firearm, contending that at most, State's evidence tends to show that defendant was an accessory. He maintains that the evidence shows that he was neither physically nor constructively present at the scene during the robbery. We conclude that the evidence, considered in the light most favorable to the State, supports his constructive presence. Actual distance from the scene is not always determinative of constructive presence; however, defendant must be close enough to be able to render assistance if needed and to encourage the crime's actual perpetration. *State v. Buie*, 26 N.C. App. 151, 215 S.E. 2d 401 (1975).

As our Supreme Court observed in *State v. Price*, 280 N.C. 154, 158, 184 S.E. 2d 866, 869 (1971):

> "[O]ne who procures or commands another to commit a felony, accompanies the actual perpetrator to the vicinity of the offense and, with the knowledge of the actual perpetrator, remains in that vicinity for the purpose of aiding and abetting in the offense and sufficiently close to the scene of the offense to render aid in its commission, if needed, or to provide a means by which the actual perpetrator may get away from the scene upon the completion of the offense, is a principal in the second degree and equally liable with the actual perpetrator. . . ."

The evidence shows that the three planned the crime, drove to the scene in defendant's car, and defendant remained waiting in the area. Newsome testified that "John (defendant) would drive his car there for the pickup. . . . When we went out of the theatre, we proceeded to walk across the street to the parking deck. We got to the parking deck and then turned and walked up towards Oberlin Road. As we neared Oberlin Road, I saw John's car. John pulled out to meet us."

Defendant relies on *State v. Buie, supra, State v. Alston*, 17 N.C. App. 712, 195 S.E. 2d 314 (1973), and *State v. Wiggins*, 16 N.C. App. 527, 192 S.E. 2d 680 (1972). The facts therein readily distinguish those cases from defendant's. We feel the controlling

authority is represented by such cases as *State v. Price, supra,* and *State v. Williams,* 28 N.C. App. 320, 220 S.E. 2d 856 (1976). We find no merit in this assignment of error.

[2]   Defendant also contends that it was error to permit State's witness Newsome to testify as to certain conversations he had with defendant pertaining to possible robberies of theatres in certain other cities, asserting that such testimony went to defendant's character when his character was not in issue. This assignment of error is overruled.

As a general rule, in a prosecution for a particular crime, the State may not offer evidence that the defendant has committed other separate offenses. *State v. May,* 292 N.C. 644, 235 S.E. 2d 178 (1977), *cert. denied,* --- U.S. ---, 54 L.Ed. 2d 288, --- S.Ct. --- (1977); *State v. McClain,* 240 N.C. 171, 81 S.E. 2d 364 (1954). This rule is, however, subject to exceptions, as expressed by Justice Ervin in *State v. McClain, supra* at 175, 81 S.E. 2d at 366:

> "2. Where a specific mental intent or state is an essential element of the crime charged, evidence may be offered of such acts or declarations of the accused as tend to establish the requisite mental intent or state, even though the evidence discloses the commission of another offense by the accused." (Citations omitted.)

*See also State v. May, supra;* 1 Stansbury, N.C. Evidence, §§ 91 and 92 (Brandis rev. 1973).

[3]   A further assignment of error relates to the trial court's failure to grant defendant's motion for a mistrial made because of the following testimony by Newsome:

". . . I was employed by Mr. Gregory.

Q. What did you do for him at that time?

A. Worked Studio I Theatre, and some breaking, entering and larceny."

The trial court allowed defendant's motion to strike, and then defendant moved for a mistrial. Newsome stated on voir dire that he had testified that he and defendant had "burnt down" the Studio I Theatre, although the trial court and the reporter understood him to say that he "worked" the Studio I Theatre.

Upon the jury's return, the trial court instructed the jury to disregard Newsome's answer.

Defendant argues, however, that the testimony was so prejudicial that no curative instruction could be effective. Generally, a motion for mistrial in non-capital cases is addressed to trial court discretion, and its ruling is not reviewable absent a showing of gross abuse of that discretion. *State v. Daye,* 281 N.C. 592, 189 S.E. 2d 481 (1972). Where a trial court sustains a defendant's objection to the answer of a witness, strikes same, and instructs the jury not to consider it, the jury is presumed to have heeded the instruction and any prejudice is removed. *State v. Davis,* 10 N.C. App. 712, 179 S.E. 2d 826 (1971), *cert. denied,* 278 N.C. 522, 180 S.E. 2d 610 (1971). Whether curative instructions can remove the prejudice depends on the nature of the evidence and the particular circumstances of the case. *State v. Hunt,* 287 N.C. 360, 215 S.E. 2d 40 (1975).

Defendant relies on *State v. Hunt, supra,* and *State v. Aycoth,* 270 N.C. 270, 154 S.E. 2d 59 (1967). In *Hunt,* however, the instructions to disregard came the day after the improper testimony. Here the trial court's curative instruction was prompt and specific. In *Aycoth,* an unresponsive answer revealed that defendant had been indicted for murder. We think that the testimony complained of here was not so inherently prejudicial that the curative instruction was insufficient to remove any prejudice and that the trial court properly refused to grant a mistrial.

[4] Defendant's remaining assignments of error relate to the tape recording and a transcript thereof. First, defendant argues that the tape recording was not properly authenticated and, therefore, should not have been admitted. We disagree.

*State v. Lynch,* 279 N.C. 1, 181 S.E. 2d 561 (1971), relied upon by defendant, establishes seven requirements for the proper foundation for the admission of a defendant's recorded confession or incriminating statement. Defendant asserts that two of the *Lynch* requirements are absent here, namely:

". . . (2) that the mechanical device was capable of recording testimony and that it was operating properly at the time the statement was recorded; (3) that the operator was competent and operated the machine properly. . ." 279 N.C. at 17, 181 S.E. 2d at 571.

Our review of the testimony satisfies us that the above requirements were met, and this assignment of error is accordingly overruled.

Finally, defendant contends that the purported transcript of the tape recording was improperly admitted without authentication and evidence was improperly allowed as to its contents. The record clearly shows that the document would not be, and was not, shown to the jury. Rather, it was used by Officer Weathersbee to "refresh his recollection." *See* 1 Stansbury, N.C. Evidence, § 32 (Brandis rev. 1973). We find no error relating to the use of the transcript. When it appeared that the witness was reading from it, defendant's objection was sustained.

We find that defendant had a fair trial free of prejudicial error.

No error.

Judges BRITT and ARNOLD concur.