State v. First Resort Properties

STATE OF NORTH CAROLINA v. ·FIRST RESORT PROPERTIES, DOING
BUSINESS AS FIRST RESORT PROPERTIES OF N.C., INC.

No. 8620SC109

(Filed 17 June 1986)

Bills and Notes § 22— issuing worthless check—jurisdiction of N. C.

The N. C. court had jurisdiction to try defendant on a worthless check
charge since N.C.G.S. § 15A-134 provides that this state has jurisdiction to try
a defendant if any part of an offense occurred in N. C.; the check in this case
was issued in N. C.; the fact that the person who drew the check added the
date and one payee's name in Florida did not affect its apparent negotiability;
and, though the check was handed to the payee in Florida, delivery was not
completed until defendant's officer's phone call from N. C. authorizing the
payee to deposit the check.

APPEAL by defendant from *Pope, Judge*. Judgment entered 4
October 1985 in Superior Court, MOORE County. Heard in the
Court of Appeals 7 May 1986.

Defendant corporation was charged with a worthless check
offense. The State's evidence tended to show the following:
Wicker, an officer of defendant, arranged to have complainant
Dickey, a Florida resident, perform consulting work for defend-
ant. Dickey informed Wicker that Kirk, also a Floridian, would
assist on the project. Wicker went to defendant's offices in Moore
County, North Carolina, where he wrote out a check to Kirk, for
$10,000, drawn on defendant's account on a Moore County bank.
Wicker then flew to Florida with the check. There he dated it,
added Dickey's name as an additional payee and gave the check to
Dickey. Before leaving, Wicker asked Dickey to hold the check un-
til Wicker could get back in touch. Four days later Wicker called
Dickey from North Carolina and told him to deposit the check.
The check was returned for insufficient funds. An officer of the
Moore County bank stated that defendant's account contained in-
sufficient funds when the check was presented.

Defendant timely moved to dismiss for lack of jurisdiction
and for insufficient evidence. The jury found defendant guilty as
charged and answered a special issue that the court had jurisdic-
tion to try defendant. Defendant appeals.

*Attorney General Thornburg, by Assistant Attorney General T. Byron Smith, for the State.*

*Brown, Holshouser, Pate and Burke, by G. Les Burke, for defendant-appellant.*

EAGLES, Judge.

The only question before us is whether North Carolina had jurisdiction to try this case. Defendant has abandoned its challenge to the sufficiency of the evidence. App. R. 28(a). We note that Florida law also makes issuing and delivering worthless checks a crime, under language substantially similar to our worthless checks statute. G.S. 14-107; Fla. Stat. Ann. Section 832.05 (West Supp. 1986). *See State v. Bower*, 341 So. 2d 216 (Fla. App. 1976) (general discussion of offense). The commission of a crime is therefore established, and the only question we need decide is jurisdictional.

Jurisdiction in interstate criminal cases is controlled by G.S. 15A-134: "If a charged offense occurred in part in North Carolina and in part outside North Carolina, a person charged with that offense may be tried in this State if he has not been placed in jeopardy for the identical offense in another state." This statute reflects the general rule among the states, that any state in which an essential element of a crime occurred may exercise jurisdiction to try the perpetrator. 21 Am. Jur. 2d Criminal Law Section 345 (1981); Annot., 5 A.L.R. 3d 887 (1966). Defendant did not challenge the constitutionality of G.S. 15A-134 below, and we need not consider it here. *State v. Hunter*, 305 N.C. 106, 286 S.E. 2d 535 (1982). At no time has defendant contended that there has been a prosecution in Florida.

North Carolina's worthless check statute, G.S. 14-107, provides in relevant part:

It shall be unlawful for any person, firm or corporation, to draw, make, utter or issue and deliver to another, any check or draft on any bank or depository, for the payment of money or its equivalent, knowing at the time of the making, drawing, uttering, issuing and delivering such check or draft as aforesaid, that the maker or drawer thereof has not sufficient funds on deposit in or credit with such bank or depository with which to pay the same upon presentation.

Under G.S. 15A-134, if "any part" of this offense occurred in North Carolina, this state had jurisdiction to try defendant. The undisputed evidence was that the check was issued in North Carolina; the fact that Wicker added the date and Dickey's name in Florida did not affect its apparent negotiability. *See* G.S. 25-3-114 (lack of date does not affect negotiability); G.S. 25-3-110 (general payee terms). This fact alone would support jurisdiction under G.S. 15A-134.

Defendant argues that to write a worthless check does not in and of itself constitute a crime, but that the offense cannot occur until delivery. Therefore, since the check was physically transferred in Florida, delivery occurred there. Until then, no crime had been committed, and therefore only Florida can exercise jurisdiction. Defendant relies only on cases antedating the 1975 effective date of G.S. 15A-134, however. *See e.g. State v. Hall*, 114 N.C. 909, 19 S.E. 602 (1894). The statute does not fix jurisdiction where *the crime was completed*, but where *any part of the crime occurred*. As noted above, this jurisdictional requirement was satisfied here.

We note too that delivery was not completed until Wicker's phone call *from North Carolina*. Delivery does not necessarily occur automatically upon physical transfer of an instrument. *See* G.S. 25-1-201(14) (transfer must be voluntary). Delivery of a deed or instrument to the named payee, subject to the control of the person delivering it or subject to an agreed condition, does not constitute delivery in the eyes of the law. *Dunlap v. Willett*, 153 N.C. 317, 69 S.E. 222 (1910) (affirming nonsuit in action on bond, where sureties signed subject to approval of board of directors). *See also Blades v. Wilmington Trust Co.*, 207 N.C. 771, 178 S.E. 565 (1935) (no delivery where deed placed in safe deposit box by grantor and made conditional); *Huddleston v. Hardy*, 164 N.C. 210, 80 S.E. 158 (1913) (Walker, J., concurring). Here Wicker physically transferred the check to Dickey in Florida subject to the condition that Dickey hold it until Wicker got back in touch with him. Wicker's call four days later from North Carolina authorized Dickey to deposit the check. From the evidence then, the jury could find that delivery was not completed until the call. That too would support a conclusion that some part of the delivery occurred in North Carolina.

Defendant has failed to show that North Carolina lacked jurisdiction to try this case. No reversible error appears on the face of the record.

No error.

Chief Judge HEDRICK and Judge COZORT concur.