*506
 
 DIETZ, Judge.
 

 *723
 
 Defendant Judy Hardison owns a business that repairs water lines in Pamlico County. In November 2012, a family friend of Hardison mistakenly broke a public water line after driving over it with a heavy truck and then joked with Hardison about "creating a job for her." This gave Hardison an idea: she began paying the same man to break other water lines in the county so that Hardison could repair them at the county's expense.
 

 Law enforcement discovered the scheme and convinced the man working with Hardison to wear a wire. After recording incriminating conversations between the two, the State arrested Hardison and charged her with six counts of contaminating a public water system and one count of obtaining property by false pretenses.
 

 *724
 
 At trial, the State relied solely on the theory of acting in concert to convict Hardison on all counts. During the trial and after the jury convicted her, Hardison moved to dismiss, arguing that the theory of acting in concert requires the defendant to be actually or constructively present during the commission of the crime. Here, it is undisputed that Hardison was not present when the water lines were damaged, although she planned the crimes and was available by telephone if needed.
 

 We agree with Hardison that the evidence does not support acting-in-concert liability with respect to her convictions for contaminating a public water system.
 
 [1]
 
 Under this Court's precedent, Hardison was not physically close enough to aid or encourage the commission of the crimes and therefore was not actually or constructively present-a necessary element of acting-in-concert liability. To be sure, the evidence in this record easily would have supported Hardison's conviction as an accessory before the fact. But the jury was not instructed on that theory of criminal liability, nor was Hardison charged with other related offenses, such as conspiracy, that apply to those who help plan a criminal act. Because the State relied entirely on a flawed theory of acting in concert, we must reverse Hardison's convictions.
 

 Facts and Procedural History
 

 Defendant Judy Hardison owns Triple H Construction Company. Triple H contracted with Pamlico County to repair water lines, install taps, and do routine water line maintenance throughout the county.
 

 In November 2012, Rodney Brame accidentally cracked a water line in Pamlico County while turning around a large truck. Triple H responded to a call from the county and repaired the cracked water line. Brame knew Hardison and her family, and jokingly apologized to Hardison for "creating a job for her."
 

 The following week, Hardison contacted Brame and offered to pay him $400 in exchange for cracking another water line in Pamlico County. Over the next month, Brame intentionally broke a number of other water lines so that Hardison could repair those lines and be paid by the county. Hardison identified the lines that Brame was to break and, on at least one occasion, Hardison or someone working on her behalf placed a flag at the location of a water line to assist Brame in locating it. Hardison was never present when Brame broke the water lines, but Brame had
 
 *725
 
 Hardison's phone number and occasionally called Hardison to "let her know" after he broke a line.
 

 Law enforcement ultimately discovered that Brame was intentionally damaging the water lines. Brame began assisting law enforcement by recording a phone call with Hardison and meeting her while wearing a wire. When Brame called Hardison, he said, "I was trying to figure out where I might need to go," to which Hardison responded, "Okay. I can't talk right now." Hardison then agreed to meet Brame the next day. During their in-person meeting, Brame asked Hardison if she could give him money and if she could "get my ass out of jail if they put me in jail." Hardison declined to give him money and stated that she would not be able to bail him out of jail because that might make her look guilty.
 

 *507
 
 Law enforcement later arrested Hardison. The State indicted Hardison in seven separate indictments on six counts of contaminating a public water system and one count of obtaining property by false pretenses. The indictments charged that Hardison willfully damaged portions of public water lines, conduct which falls within the statutory definition of contaminating a public water system. At trial, the State proceeded on a theory that Hardison acted in concert with Brame in damaging the water lines. The trial court instructed the jury on the theory of acting in concert, but not on other similar theories of liability, such as accessory before the fact.
 

 During trial and after the verdict, Hardison moved to dismiss the charges on the ground that the State failed to prove she was either actually or constructively present at the crime-a necessary element of the acting-in-concert theory of criminal liability. The trial court denied Hardison's motions to dismiss and the jury returned a verdict of guilty on all counts. At sentencing, the trial court arrested judgment on the conviction of obtaining property by false pretenses and on one of the counts of contaminating a public water system and sentenced Hardison on the remaining counts. Hardison timely appealed.
 

 Analysis
 

 Hardison argues that the trial court erred by denying her requests to dismiss all charges. Specifically, Hardison argues that for each charge against her the State relied entirely on the theory that Hardison acted in concert with Brame but failed to prove that Hardison was actually or constructively present during the commission of the crimes. For the reasons discussed below, we agree.
 

 *726
 
 In reviewing a motion to dismiss based on the sufficiency of the evidence, the scope of the court's review is to determine whether there is substantial evidence of each element of the charged offense.
 
 See State. v.
 

 Brown,
 

 310 N.C. 563
 
 , 566,
 
 313 S.E.2d 585
 
 , 587 (1984). Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.
 

 Id.
 

 The evidence must be considered in the light most favorable to the State as the State is entitled to every reasonable inference that might be drawn therefrom.
 

 Id.
 

 Here, Hardison argues there was insufficient evidence to convict her under an acting-in-concert theory of criminal liability. "Acting in concert means that the defendant is present at the scene of the crime and acts together with another who does the acts necessary to constitute the crime pursuant to a common plan or purpose to commit the crime."
 
 State v. Wade,
 

 213 N.C.App. 481
 
 , 487,
 
 714 S.E.2d 451
 
 , 456 (2011). To act in concert, a defendant's presence at the scene of the crime may be actual or constructive.
 
 See
 

 State v. Gaines,
 

 345 N.C. 647
 
 , 675-76,
 
 483 S.E.2d 396
 
 , 413 (1997). "A person is constructively present during the commission of a crime if he is close enough to provide assistance if needed and to encourage the actual execution of the crime."
 

 Id.
 

 It is undisputed that Hardison was not actually present, nor was she nearby, at the time Brame damaged the water lines. The State nevertheless argues that it proved Hardison was constructively present because she planned the crimes, was accessible if needed by telephone, and later was at the scene of the crime to repair the broken water lines. We disagree.
 

 First, we reject the State's argument that Hardison acted in concert with Brame because she planned the crimes and provided guidance on how Brame could later damage the water lines. One who plans and organizes a crime before the fact is typically charged as a principal under a theory such as accessory before the fact, which is an entirely different theory of liability than acting in concert.
 
 See
 

 State v. Woods,
 

 307 N.C. 213
 
 , 218,
 
 297 S.E.2d 574
 
 , 577 (1982). Unlike an accessory before the fact, who need not be present during the crime's commission, one who acts in concert must be "close enough to provide assistance if needed and to encourage the actual execution of the crime."
 
 Gaines,
 

 345 N.C. at 675-76
 
 ,
 
 483 S.E.2d at 413
 
 . Thus, the fact that Hardison planned the crime before the fact is irrelevant to the acting-in-concert analysis; what matters is Hardison's presence and conduct during the commission of the crime itself.
 

 *508
 

 *727
 
 We likewise reject the State's argument that "by being accessible by telephone Hardison was as close as she needed to be to further aid and encourage the particular crime of contaminating a public water system." This Court previously has held that one cannot be actually or constructively present for purposes of proving acting in concert simply by being available by telephone.
 
 State v. Zamora-Ramos,
 

 190 N.C.App. 420
 
 , 425-26,
 
 660 S.E.2d 151
 
 , 155 (2008) ;
 
 State v. Buie,
 

 26 N.C.App. 151
 
 , 151-53,
 
 215 S.E.2d 403
 
 (1975). We are bound by that precedent whether we agree with it or not.
 
 See
 

 In re Civil Penalty,
 

 324 N.C. 373
 
 , 384,
 
 379 S.E.2d 30
 
 , 36-37 (1989). If the State believes that accessibility by telephone should be sufficient to prove a defendant acted in concert, it must raise that issue with our Supreme Court.
 
 See
 
 id.
 

 Finally, the State argues that Hardison was present during the repairs of the damaged water lines and that the crime was still ongoing at that point because, during the repairs, the water system could have been exposed to further damage or contamination. But the record does not support this theory. The State did not present any evidence indicating that the repair process further contaminated or damaged the water line. Moreover, the offense of contaminating a public water system is a specific intent crime, meaning the State also would need to show that Hardison
 
 intended
 
 to further damage or contaminate the system during the repairs.
 
 See
 
 N.C. Gen.Stat. § 14-159.1(a)(2). But even the State's own theory of the case depended on evidence that Hardison wanted to repair, not damage, the system once she arrived on the scene. After all, Hardison's scheme depended on successfully repairing the damage so she could charge Pamlico County for doing so.
 

 In sum, we are constrained to reverse Hardison's convictions. The State did not charge Hardison with conspiracy to commit those crimes, nor did it seek an instruction for accessory before the fact. The State's sole theory of criminal liability in this case turned on proving that Hardison acted in concert with Brame to damage the water lines. But the undisputed evidence at trial established that Hardison was not present, either actually or constructively, at the time Brame committed the crime. Accordingly, the trial court should have granted Hardison's motion to dismiss. Because we reverse Hardison's convictions for contaminating a public water system for these reasons, we need not address her remaining arguments challenging those convictions.
 

 We note that the trial court arrested judgment on the charge of obtaining property by false pretenses. This Court recently held that "in the absence of some indication that the trial court's decision to arrest
 
 *728
 
 judgment stemmed from double jeopardy-related concerns, the effect of the decision to arrest judgment is to vacate the underlying conviction and preclude subsequent appellate review."
 
 See
 

 State v. Pendergraft,
 
 --- N.C.App. ----,
 
 767 S.E.2d 674
 
 , 684 (2014)
 
 aff'd without precedential value,
 
 - -- N.C. ----,
 
 776 S.E.2d 679
 
 (2015). Accordingly, we do not review the merits of Hardison's arguments concerning her conviction for obtaining property by false pretenses, which the trial court effectively vacated by arresting judgment.
 

 Conclusion
 

 The trial court's judgment of conviction on all counts is reversed.
 

 REVERSED.
 

 Judges HUNTER, JR. and DILLON concur.
 

 [1]
 

 The trial court arrested judgment on her conviction of obtaining property by false pretenses.