IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-299

Filed 07 March 2023

Cleveland County, Nos. 20 CRS 50681-82

STATE OF NORTH CAROLINA

v.

JAMES THOMAS CHRISTIAN, III

Appeal by Defendant from judgments entered 7 October 2021 by Judge Gary M. Gavenus in Cleveland County Superior Court. Heard in the Court of Appeals 19 October 2022.

*Attorney General Joshua H. Stein, by Assistant Attorney General John P. Barkley, for the State.*

*Mark L. Hayes, for Defendant.*

WOOD, Judge.

Defendant appeals the trial court's denial of his motion to dismiss two charges of trafficking methamphetamine, one charge for possession of more than 400 grams and the other charge for transportation of more than 400 grams. Defendant argues that, because Defendant was not physically present when law enforcement stopped a travel companion who was in possession of the contraband, Defendant cannot be tried for the possession of or the transportation of the methamphetamine. For the reasons outlined below, we affirm the trial court's denial of Defendant's motion to dismiss.

## I.    Background

In February 2020, Chris Gibson ("Gibson") was arrested and charged with possession of drugs, and, in exchange for leniency with his own case, Gibson agreed to assist police with their investigation of Defendant. Gibson and Defendant knew each other through drug transactions. At this time, Defendant had asked Gibson to travel with and assist him in transporting drugs from Georgia to North Carolina. Subsequently, the police developed a plan wherein Gibson would drive with Defendant to Georgia where they would pick up drugs to sell in North Carolina. As the pair re-entered this state, police would pull over their vehicle and arrest Defendant for drug trafficking.

Because Gibson did not own a car, police rented a red sedan for his and Defendant's use and hid a GPS tracking device on the vehicle. On 13 February 2020, Gibson informed police that he and Defendant were driving to Georgia, and police tracked the vehicle all the way to Atlanta. While in Atlanta, Defendant briefly dropped Gibson off at a Walmart before returning with a one-kilogram package of methamphetamine. Gibson updated police through text messaging the entire time. After securing the drugs, the two began their journey back to Defendant's residence in North Carolina.

However, as Gibson and Defendant approached the North Carolina border, the weariness of travel overtook them. Defendant suggested they park at a nearby gas station and summon help to assist them with the remainder of their journey. Gibson

agreed, and the two stopped at a nearby gas station where Defendant called a female friend in North Carolina and requested that she and another friend drive to South Carolina to meet them and drive the vehicles back to North Carolina. The two women arrived in a white vehicle. Gibson remained in the red sedan but switched from the driver's seat to the passenger's seat, and Defendant got into the white vehicle. The women then drove the vehicles, in close proximity to each other, toward the North Carolina border.

Both vehicles were stopped separately after they crossed into North Carolina. Officer Perkins first stopped the white car and searched the Defendant and the car but did not find drugs. Deputy Tinoco then stopped the red sedan which was behind the white car by a few miles. The lead investigator estimated the distance between the two vehicles to be between three and five miles. The deputy searched the red sedan and found a large amount of methamphetamine in the trunk and the dash of the vehicle, along with three firearms. The officers arrested Defendant and the two women and pretended to arrest Gibson. Defendant was later indicted for possession of a firearm by a felon and two counts of trafficking in methamphetamine on 9 March 2020.

Defendant was tried before a jury in superior court at the 7 October 2021 session. At trial, Defendant's counsel moved to dismiss all charges at the close of the State's evidence and again at the close of all evidence. The trial court denied both motions. The jury found Defendant guilty of possession of a firearm by a felon,

trafficking in methamphetamine by possessing 400 grams or more of methamphetamine, and trafficking in methamphetamine by transporting 400 grams or more of methamphetamine. The trial court sentenced Defendant to 225 – 282 months for each of the two counts of trafficking in methamphetamine, to run consecutively, and 19 – 32 months for possession of a firearm by a felon to commence at the end of his sentences for the trafficking convictions. Defendant, through counsel, gave oral notice of appeal.

## II. Standard of Review

A trial court's denial of a motion to dismiss is reviewed *de novo* on appeal. *State v. Crockett*, 368 N.C. 717, 720, 782 S.E.2d 878, 881 (2016). "Under a *de novo* standard of review, this Court considers the matter anew and freely substitutes its own judgment for that of the trial court." *Reese v. Mecklenburg Cnty.*, 200 N.C. App. 491, 497, 685 S.E.2d 34, 38 (2009) (citations omitted).

When presented with a motion to dismiss, the trial court must determine if "there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." *State v. Powell*, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980). "Evidence is 'substantial' if a reasonable person would consider it sufficient to support the conclusion that the essential element exists." *State v. McKinnon*, 306 N.C. 288, 298, 293 S.E.2d 118, 125 (1982). "The evidence is to be considered in the light most favorable to the State; the State is entitled to every

reasonable intendment and every reasonable inference to be drawn therefrom." *Powell*, 299 N.C. at 99, 261 S.E.2d at 117.

## III.    Jurisdiction

At the outset, we note that an individual may be charged with a crime in this state though a part of the crime was committed in another state so long as the person "has not been placed in jeopardy for the identical offense in another state." N.C. Gen. Stat. § 15A-134 (2022). If any part of the offense occurred in North Carolina, this state has jurisdiction to try the offender. *State v. First Resort Props.*, 81 N.C. App. 499, 501, 344 S.E.2d 354, 356 (1986). However, such part of the offense must constitute at least one "of the essential acts forming the crime." *State v. Vines*, 317 N.C. 242, 251, 345 S.E.2d 169, 174 (1986). Thus, the fact that most of Defendant's drug trafficking activities occurred in other states is not dispositive when he was not charged with an identical crime in Georgia or South Carolina. We must now determine whether Defendant's actions in this state were sufficient to constitute any part of the "essential acts forming the crime" alleged when, as the State concedes, Defendant did not physically possess the drugs at issue as he crossed the border into North Carolina.

## IV.    Discussion

Defendant argues that the trial court erred when it denied Defendant's motion to dismiss the charges of trafficking in methamphetamine because the State failed to present any evidence that Defendant possessed or transported methamphetamine

within North Carolina. Defendant contends that while he may have possessed and transported the drugs in Georgia and South Carolina, he never actually or constructively possessed or transported the drugs as he entered North Carolina. Therefore, he contends he could not be charged in this state with trafficking in methamphetamine by possession or transportation, and the State could not have presented substantial evidence of the necessary elements of trafficking by possession or transportation.

A person may be charged with trafficking in methamphetamine when that person "sells, manufactures, delivers, transports, or possesses 28 grams or more of methamphetamine or any mixture containing such substance." N.C. Gen. Stat. § 90-95(h)(3b) (2022). Here, the State charged Defendant with two separate counts of trafficking methamphetamine by possession and trafficking methamphetamine by transportation. We therefore look to each charge in turn.

**A. Trafficking by Possession**

To proceed upon the possession charge, the State must present substantial evidence that Defendant "(1) knowingly possessed . . . methamphetamine, and (2) that the amount possessed was greater than 28 grams." *State v. Shelman*, 159 N.C. App. 300, 305, 584 S.E.2d 88, 93 (2003). "The 'knowing possession' element of the offense of trafficking by possession may be established by a showing that (1) the defendant had actual possession, (2) the defendant had constructive possession, or (3) the defendant acted in concert with another to commit the crime." *State v. Reid*, 151

N.C. App. 420, 428, 566 S.E.2d 186, 192 (2002); *see State v. Ambriz*, ___ N.C. App. ___, ___, 880 S.E.2d 449, 458 (2022) (applying this standard to trafficking in methamphetamine by possession). The State concedes that Defendant did not have actual possession of the drugs when he entered this state but argues that he nevertheless had constructive possession through Gibson as his agent. For reasons unknown, the State did not brief this Court on the third relevant theory of acting in concert.[1]

Addressing the acting in concert theory, a defendant is said to have acted in concert with another if he acted "together, in harmony or in conjunction . . . with another pursuant to a common plan or purpose." *State v. Joyner*, 297 N.C. 349, 356, 255 S.E.2d 390, 395 (1979). "The principle of concerted action need not be overlaid with technicalities." *Id.*

> [I]f "two persons join in a purpose to commit a crime, each of them, if actually or constructively present, is not only guilty as a principal if the other commits that particular crime, but he is also guilty of any other crime committed by the other in pursuance of the common purpose . . . or as a natural or probable consequence thereof."

*State v. Barnes*, 345 N.C. 184, 233, 481 S.E.2d 44, 71 (1997) (quoting *State v. Erlewine*, 328 N.C. 626, 637, 403 S.E.2d 280, 286 (1991)). In short, "there must be

---

[1] The trial court instructed the jury on the principle of acting in concert by stating "For a defendant to be guilty of a crime, it is not necessary that the defendant do all of the acts necessary to constitute the crime. If two or more persons join in a common purpose to commit trafficking in methamphetamine by transportation, each of them, if actually or constructively present, is guilty of the crime."

evidence of a common plan or purpose shared by the accused with one other person." *State v. Holloway*, 250 N.C. App. 674, 685, 793 S.E.2d 766, 774 (2016).

In addition to acting in conjunction with another, the accused must generally be "present while a trafficking offense occurred" to be guilty of possession. *Reid*, 151 N.C. App. at 429, 566 S.E.2d at 192. "A defendant's presence at the scene may be either actual or constructive." *State v. Gaines*, 345 N.C. 647, 675 483 S.E.2d 396, 413 (1997). "A person is constructively present during the commission of a crime if he is close enough to provide assistance if needed and to encourage the actual execution of the crime." *Id.* at 675-76, 483 S.E.2d at 413 (citing *State v. Willis*, 332 N.C. 151, 175, 420 S.E.2d 158, 169 (1992)). "This is true even where 'the other person does all the acts necessary to commit the crime.'" *State v. Abraham*, 338 N.C. 315, 329, 451 S.E.2d 131, 137 (1994) (quoting *State v. Jefferies*, 333 N.C. 501, 512, 428 S.E.2d 150, 156 (1993)). The "actual distance [between a defendant and companion] is not determinative," *State v. Barnes*, 91 N.C. App. 484, 487, 372 S.E.2d 352, 354 (1988), but it may be relevant depending on the totality of the circumstances.

The State presented substantial evidence that Defendant and Gibson acted in concert for the common purpose to possess methamphetamine. The evidence tended to show that Defendant initiated the plan with Gibson to buy drugs from Georgia and that both were traveling back to Defendant's residence, in close proximity to each other, with the drugs when their vehicles were stopped in North Carolina. The evidence showed that the vehicle transporting Defendant and the vehicle

transporting Gibson and the drugs traveled together on a highway toward Defendant's residence. The vehicles were estimated to be approximately three miles apart when they entered this state and when stopped by police. Defendant argues, however, that he cannot be tried for trafficking under an acting in concert theory because he could not have been constructively present while the trafficking offense occurred. He claims this distance is too great for Defendant to be "close enough to provide assistance if needed and to encourage the actual execution of the crime." *Gaines*, 345 N.C. at 676, 483 S.E.2d at 413.

Defendant attempts to analogize this case with *State v. Bradsher*. There, upon a theory of concerted action, the State attempted to show that a district attorney obtained property by false pretenses when he allowed a subordinate to fraudulently log working hours while working from a remote office. *State v. Bradsher*, 275 N.C. App. 715, 736, 852 S.E.2d 716, 730 (2020), *rev'd on other grounds*, ___, N.C. ___ (2022). The defendant "was not even in the same county" as the wrongdoer and was not in communication with her during the commission of her fraud. *Id.* at 737, 852 S.E.2d at 731. Thus, this Court held that the evidence was insufficient to support a showing of constructive presence when the defendant was not positioned to assist or encourage the wrongdoer during the commission of the crime. *Id.* To hold otherwise "would sever the 'presence' requirement from the theory of acting in concert." *Id.*

In another example of the outer limits of constructive presence, "one cannot be actually or constructively present for purposes of proving acting in concert simply by

being available by telephone." *State v. Hardison*, 243 N.C. App. 723, 727, 779 S.E.2d 505, 508 (2015) (citing *State v. Zamora-Ramos*, 190 N.C. App. 420, 425-26, 660 S.E.2d 151, 155 (2008)). Nor can one be constructively present when "in a house ten to fifteen blocks away" from a robbery and without the means to provide "any advice, counsel, aid, encouragement or comfort, if needed" though "the actual distance of a person from the place where a crime is perpetrated is not always material." *State v. Wiggins*, 16 N.C. App. 527, 530-31, 192 S.E.2d 680, 682-83 (1972). We do not find Defendant's arguments compelling in light of other precedent of this Court more analogous to the case before us.

In *State v. Pryor,* this Court held that "[a] guard who has been posted to give warning or the driver of a 'get-away' car, may be constructively present at the scene of a crime although stationed a convenient distance away." 59 N.C. App. 1, 9, 295 S.E.2d 610, 616 (1982). The distance between the defendant and another actor is not dispositive. For example, in *State v. Gregory*, a defendant argued that he could not have been constructively present during a robbery when he waited in his vehicle at an intersection while two colleagues robbed a nearby theatre. 37 N.C. App. 693, 695, 247 S.E.2d 19, 21 (1978). The defendant made plans with the colleagues to rob the theatre, but he never entered the theatre with them. *Id.* at 694, 247 S.E.2d at 20. Instead, the "[d]efendant had driven around the shopping center and was waiting in his car at a nearby intersection." *Id.* at 694, 247 S.E.2d at 21. This Court nonetheless held that the defendant in that case was constructively present at the scene of the

robbery though he was some distance away from the events. *Id.* at 695, 247 S.E.2d at 21. "Actual distance from the scene is not always determinative of constructive presence; however, defendant must be close enough to be able to render assistance if needed and to encourage the crime's actual perpetration." *Id.* (citing *State v. Buie*, 26 N.C. App. 151, 215 S.E.2d 401 (1975)).

Further, a defendant who waits in his home while his mother murders his father in a nearby home may also be constructively present during the crime. This was the case in *State v. Gilmore* where the defendant and his mother planned to overdose the defendant's father with insulin. 330 N.C. 167, 171, 409 S.E.2d 888, 890 (1991). "The back of the defendant's home faced the back of his father's home." *Id.* at 169, 409 S.E.2d at 889. Though certain evidence might have established the defendant's actual presence in his father's home, "[t]he evidence would also permit an inference that when the defendant was in his own home he was in close proximity to the place where the injections were administered ready to aid his mother. This made him constructively present." *Id.* at 171, 409 S.E.2d at 890; *see also State v. Tirado*, 358 N.C. 551, 583, 599 S.E.2d 515, 537 (2004).

Though the parties in the present case were a few miles away from each other, they were not so far away that Defendant could not render aid or encouragement to Gibson. We are cognizant of the function of highways in allowing vehicles to travel great distances in a short period of time and take that into account here. Though, as Defendant points out, a supporting vehicle may ordinarily travel behind the target

vehicle, Defendant was in a position to provide support as the lead vehicle. Defendant could have relayed road updates, looked out for police, and turned the vehicle around to help Gibson should he have needed it.

Therefore, when viewed in the light most favorable to the State, the evidence shows that Defendant was constructively present with Gibson and acted in concert with him to possess methamphetamine while in this state. Because we hold that the State presented substantial evidence under the doctrine of concerted action to overcome Defendant's motion to dismiss, we need not address the parties' other arguments. *State v. Diaz*, 317 N.C. 545, 552, 346 S.E.2d 488, 493 (1986).

## B. Trafficking by Transportation

Similar to its burden with the possession charge, the State may proceed upon a charge of trafficking in methamphetamine by transportation if it presents substantial evidence that Defendant "(1) knowingly . . . transported methamphetamine, and (2) that the amount possessed was greater than 28 grams." *State v. Shelman*, 159 N.C. App. 300, 305, 584 S.E.2d 88, 93 (2003). Transportation in this context, unlike mere possession, requires "substantial movement" of contraband, eliciting "considerations as to the purpose of the movement and the characteristics of the areas from which and to which the contraband is moved." *State v. Greenidge*, 102 N.C. App. 447, 451, 402 S.E.2d 639, 641 (1991). It may be defined as "any real carrying about or [movement] from one place to another." *State v. Outlaw*, 96 N.C. App. 192, 197, 385 S.E.2d 165, 168 (1989) (quoting *Cunard S.S. Co.*

*v. Mellon*, 262 U.S. 100, 122, 43 S. Ct. 504, 506, 67 L. Ed. 894, 901 (1923)). Evidence tending to show that Defendant moved methamphetamine across this state in a vehicle for the purposes of later distribution would more than satisfy the State's evidentiary burden related to transportation and overcome Defendant's motion to dismiss. *Id.* As with trafficking by possession, "trafficking by transport can be proved by an acting in concert theory." State *v. Ambriz*, ___ N.C. App. ___, ___, 880 S.E.2d 449, 459 (2022).

Defendant's arguments that the trial court erred in denying his motion to dismiss the trafficking by transportation charge mirror those advanced in his arguments regarding the motion to dismiss the trafficking by possession charge. The evidence showed that the vehicle transporting Defendant and the vehicle transporting Gibson and the drugs traveled together on a highway toward Defendant's residence, in close proximity to each other. The police stopped the vehicles in North Carolina, and the State presented substantial evidence that Defendant and Gibson acted in concert for the common purpose to transport methamphetamine. For the same reasons we hold that Defendant's motion to dismiss the trafficking by possession charge was properly denied, we also hold that the motion to dismiss the trafficking by transportation charge was properly denied. *See Id.*

## V.    Conclusion

When viewed in the light most favorable to the State, the evidence presented at trial showed Defendant acted in concert with Gibson to commit the offenses of

trafficking in methamphetamine by both possession and transportation and was constructively present with Gibson when the two were stopped in separate vehicles a few miles apart. Therefore, the State presented sufficient evidence to support the charges of trafficking in methamphetamine by both possession and transportation, and we affirm the trial court's denial of Defendant's motions to dismiss and conclude that Defendant received a fair trial, free from reversible error.

AFFIRMED.

Judges DILLON and COLLINS concur.